IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARL WAYNE CHAMBERS, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-05-2238 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Petitioner, Carl Wayne Chambers, submitted a pleading entitled "Request for a Preliminary Injunction, F.R.C.P. 65(b)(1)." The Clerk treated this submission as an application for habeas corpus relief under 28 U.S.C. § 2254.

Petitioner is in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division serving a sentence under a 1994 conviction for murder. The state court sentenced Petitioner to 45 years in prison. Petitioner does not contest the constitutionality of his state court conviction. He challenges a policy change by the Texas Board of Pardons and Paroles (Board).

## I. CLAIM

Petitioner attacks a change in a Board parole review policy mandated by a Texas statute. Petitioner's assertions follow. On January 1, 2004, the Texas Legislature

enacted Senate Bill 917 which authorized the Board to issue a five-year parole set-off for certain serious offenses. *See* TEX. GOV'T CODE ANN. § 508.141(g) (West 2004).

The Board committed an "Ex Facto Due Process" [sic] violation by issuing a policy under Senate Bill 917. Under this new policy, the Board used a new five-year set-off rule to postpone Petitioner's next parole release consideration to March 2009. This rule was not in effect at when Petitioner committed his offense. The Parole policy in effect on the date of Petitioner's offense was Rule 145.12 (2), dating to 1987. Before the challenged policy change, the Board could set the next review date from one year to three years in the future under article 42.18, section 8(b)(3), of the Texas Code of Criminal Procedure. The 70th Texas Legislative enacted this statute prior to the date of Petitioner's offense. The legislative and parole laws in effect on the date of Petitioner's offense subjected him to a one to three year set-off. Now, Petitioner can be set off for possible parole release for a four to five-year period.

For the past six years, Petitioner has taken every possible spiritual and educational step to rehabilitate himself, to reform his behavior, and to respect life, freedom, and the property of others. He no longer wishes to live a criminal life style.

## II. THE *EX POST FACTO* CLAUSE

A change in a law or rule violates the *ex post facto* clause if it "changes the punishment, and inflicts a greater punishment than the law annexed to the crime, when

committed." *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390 (1798). The Supreme Court has said in the parole context that the question is not whether a change produces some sort of "disadvantage," nor on whether the change affects a prisoner's "opportunity to take advantage of provisions for early release," but on whether the change alters the definition of criminal conduct or increases the penalty by which a crime is punishable. *See California Dep't of Corrections v. Morales*, 514 U.S. 499, 506 n. 3 (1995).

Under the law in effect when Petitioner committed his offense, the Board reviewed prisoners once a year. The Board had the authority to deny Petitioner's parole release, or set off parole, each year for five consecutive years. Under the old system, the Board could set off Petitioner's next review for up to three years. Under the new statute, the Board can still review Petitioner once a year for five years and set off his parole at each review. The Board can also set off his next review for four or five years, instead of three years.

After enactment of Senate Bill 917 and promulgation of the new Board policy, the Board could deny Petitioner parole release in five consecutive yearly reviews after he became eligible for parole, as before. Under this policy change, the Board in one session could set off Petitioner's parole for four or five years, rather than three years, without intervening yearly reviews. This change does not increase Petitioner's punishment. It merely changes the rules governing the timing of subsequent parole

3

reviews. The only difference is the maximum time in which the Board may set off or schedule the next review. Under Texas law, the Board has always had wide discretion in determining when and which eligible inmates they should release to parole. *See, e.g., Ex parte Rutledge*, 741 S.W.2d 460 (Tex. Crim. App. 1987); *Ex Parte Geiken*, 28 S.W.3d 553, 560 (Tex. Crim. App.2000); *Felan v. State*, 44 S.W.3d 249, 257 (Tex.App.-Fort Worth 2001, pet. ref'd) ("Parole ..... is completely discretionary").

To the extent Petitioner has suffered a detrimental change in the Board's review system, this change is simply a matter of how the Board schedules the exercise of its discretion in denying, postponing, or granting parole. As the Fifth Circuit has said in deciding an *ex post facto* challenge to a Federal Bureau of Prisons regulation change, it "is merely a categorical determination by the BOP that it will not exercise that discretion in the case of inmates with a prior conviction for certain specified crimes." *Wottlin v. Fleming*, 136 F.3d 1032, 1038 (5th Cir. 1998). That case involved a retroactively applied change in BOP policy which denied early release to prisoners who were convicted of certain violent offenses. The BOP policy change directly affected the possibility of those prisoners's release. Here, the policy change only indirectly affects the scheduling of the Board's review concerning the possibility of the prisoner's release.

Petitioner's allegations do not show that he suffered an *ex post facto* violation.

**III. DUE PROCESS AND EQUAL PROTECTION**

Petitioner also makes conclusory claims of due process and equal protection violations during the "decision hearing process." Construing his pleadings liberally, these claims are based on his allegations that the Board denied him parole based on past criminal acts, extraneous acts, and the nature of the offense under which he had already been convicted, sentenced, and incarcerated.

An inmate has no constitutional right to be released prior to the expiration of his sentence. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Texas statutes do not create a liberty interest in parole release. *See Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997). Therefore, Petitioner has no constitutionally protected interest protected by the due process clause. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995). Furthermore, it is undisputed that the Board has always had the discretion under the Constitution to consider the crime underlying the sentence on which a prisoner is to be paroled and his criminal record. Petitioner offers no allegations showing that Board treated him differently from similarly situated prisoners.

Petitioner's allegations do not show that he suffered due process or equal protection violations.

**IV. CONCLUSION**

5

The federal courts are authorized to dismiss federal habeas petitions without ordering a response where it appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243. Petitioner's habeas petition fails to state a claim upon which relief may be granted. Accordingly, it is ORDERED that this action be DISMISSED for failure to state a claim upon which relief may be granted.

This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. The issues raised here are not debatable among jurists of reason, could not be resolved in a different manner, and do not deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). This Court finds that a Certificate of Appealability should not issue.

SIGNED at Houston, Texas, on this 24th day of August, 2005.

*David Hittner*
_____

DAVID HITTNER

United States District Judge

Case 4:05-cv-02238 Document 4 Filed in TXSD on 08/24/05 Page 7 of 7